IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH BOYCE, JR., | * |
| Plaintiff, | * |
| vs. | * CASE NO. CV-01-_____ |
| UNITED DEFENSE CORPORATION | * CV-01-PT-0095-E |
| Defendant. | * |

## COMPLAINT

1. This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, pre- and post-judgment interest, costs and attorneys fees for racial discrimination under Title VII of the *Civil Rights Act of 1964*, as amended, and 42 U.S.C. §1981.

2. Plaintiff, **KENNETH BOYCE, JR.,** is a Caucasian male citizen engaged to an African-American female and is a resident of Calhoun County, Alabama, and has been for all times material herein. For all times material to the issues in this complaint, Plaintiff was considered an employee of the Defendant as that term is defined pursuant to 42 U.S.C., §2000e (f).

3. Defendant, **UNITED DEFENSE CORPORATION,** is a manufacturing entity located and doing business in Calhoun County, Alabama, and has been for all

1

times material herein. The Defendant is an "employer" as that term is defined by 42 U.S.C., §2000e (b).

4.　For all times material to the issues in this complaint, the parties were subject to Title VII of the *Civil Rights Act of 1964*, as amended, 42 U.S.C., §2000e, et seq., and the *Civil Rights Act of 1991*, as amended, 42 U.S.C., §1981a.

5.　The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination and retaliation, said charge bearing number 130A01578, (attached as exhibit A) and a right to sue letter was issued by the EEOC on or about October 12, 2000, said right to sue letter being received by the Plaintiff on or about October 16, 2000. (Attached as exhibit B).

## *FACTUAL ALLEGATIONS*

6.　The Plaintiff began his employment with the Defendant in or around June 1997, and continued in employment with it until his termination on or about October 21, 1999.

7.　Throughout his tenure with the Defendant, Plaintiff contends that he has been subjected to a racial and hostile environment which has been condoned and/or supported by supervisors and management employees. Plaintiff alleges that there were occasions where his supervisors participated in racially hostile conversations and refused to discipline other employees for this same behavior.

2

8. The Plaintiff specifically voiced complaints concerning the treatment he received by co-employees and supervisors on several occasions to management. Despite his complaints, Plaintiff alleges that the racial discrimination continued and that management failed and/or refused to take any remedial action to remedy the same, creating a racially hostile environment.

9. In or around the Fall of 1999, the Human Resource Director called a meeting and Plaintiff advised him of the comments that had been made to him by co-employees and supervisors. Plaintiff alleges that several of the employees admitted that they had made these racist remarks, subjecting him to a racially hostile work environment.

10. Plaintiff alleges that despite the admissions of his co-workers, he was required to attend counseling as a condition of keeping his employment with the Defendant. To the Plaintiff's knowledge, none of the employees or supervisors who admitted to making the racist remarks were disciplined and/or made to attend counseling.

11. Plaintiff alleges that he attempted to schedule counseling sessions with the Defendant's Employee Assistance Program. Plaintiff left messages with the Employee Assistance Program but never received a date to begin counseling.

12. Plaintiff further alleges approximately one (1) month after he reported the discrimination, he was terminated from his employment with the Defendant.

3

Plaintiff avers that the reason given for his termination (failure to complete required couseling) was pretextual in nature and disguised to hide discriminatory intent and/or retaliation for his making complaints about discriminatory behavior and/or a hostile work environment.

## *COUNT ONE*

13. Plaintiff incorporates by reference all allegations heretofore set forth in the Factual Allegations as if fully set out herein and further avers as follows:

14. Plaintiff alleges that the action and conduct of the Defendant in terminating his employment as described herein, at least in part, is a result of his race, Caucasian, and constitutes racial discrimination, in that if his fiancé is African-American and he had been African-American he would not have been subjected to the same comments about his fiancé and child by his co-workers and supervisors, in violation of Title VII of the *Civil Rights Act of 1964*, as amended, 42 U.S.C., §2000e, et seq.  Plaintiff further avers that he was discriminated against because of his race, Caucasian, in that he was not provided the same working conditions as similarly situated employees whose spouse and/or girlfriend was same-race and whose child was same-race; was not provided the same or equivalent employment opportunities as similarly situated employees whose spouse and/or girlfriend was same-race and whose child was same-race; and, was not provided the same or equivalent employment prospects as similarly situated employees whose spouse

4

and/or girlfriend was same-race and whose child was same-race.

15.     The Plaintiff alleges that he has been subjected to a racially hostile environment and the same has been advanced, condoned and/or promulgated by the management employees of the Defendant.

16.     The Plaintiff further alleges that the Defendant has provided pretextural reasons for his termination and for the disparate treatment which he has received as a result of the Defendant's discriminatory conduct in violation of Title VII of the *Civil Rights Act of 1964*, as amended.

17.     The Plaintiff avers that the Defendant's reasons for termination are pretextural in nature and articulated and imposed in an attempt to conceal the Defendant's discriminatory intent, purpose, plan, and/or motive behind the Plaintiff's termination.

18.     The Plaintiff further alleges the Defendant, by and through its management employees have advanced a practice of engaging in and/or allowing racial discrimination throughout Defendant's facility during the tenure of his employment.

19.     The Plaintiff alleges that despite attempts to complain about said treatment, the racially hostile environment only increased in that he was terminated from employment with defendant and nothing was done to punish or penalize those who created a racially hostile environment.

5

20.     Plaintiff alleges that the actions of the Defendant in terminating his employment is a result of his race, Caucasian, and the conduct of the Defendant as described in this complaint is wanton, reckless, and/or sufficiently egregious to entitle the Plaintiff to an award of punitive damages pursuant to the provisions of 42 U.S.C., § 1981a.

21.     The Plaintiff has been caused to suffer significant loss of income, loss of earning capacity, pain, suffering, humiliation, upset and concern as a result of the conduct of the Defendant as described herein.

22.     Despite past and on-going diligent efforts to secure comparable other employment, the Plaintiff has been unable to find a position with substantially the same compensation and will suffer future pecuniary losses as a direct result of Defendant's conduct.

23.     The Defendant engaged in discrimination against the Plaintiff with malice and/or reckless indifference to Plaintiff's rights under Title VII of the *Civil Rights Act of 1964*, as amended.

## *COUNT TWO*

24.     Plaintiff incorporated by reference all allegations heretofore set forth in the Factual Allegations as if fully set out herein and further avers as follows:

25.     Plaintiff alleges that the action and conduct of the Defendant in terminating his employment as described herein, at least in part, is due to the

plaintiff's association with his fiancé, an African-American and her family, in violation of Title VII of the *Civil Rights Act of 1964*, as amended, 42 U. S. C., §2000e, et seq. Plaintiff further avers that he was discriminated against because of his association with African-Americans, in that he was not provided the same working conditions as similarly situated employees who did not associate with African-Americans; was not provided the same or equivalent employment opportunities as similarly situated employees who did not associate with African-Americans; and, was not provided the same or equivalent employment prospects as similarly situated employees who did not associate with African-Americans.

26.   The Plaintiff alleges that he has been subjected to a racially hostile environment and the same has been advanced, condoned and/or promulgated by the management employees of the Defendant.

27.   The Plaintiff furhter alleges that the Defendant has provided pretextual resons for his termination and for the disparate treatment which he has received as a result of the Defendant's discriminatory conduct in violation of Title VII of the *Civil Rights Act of 1964,* as amended.

28.   The Plaintiff avers that the Defendant's reasons for termination are pretextural in nature and articulated and imposed in an attempt to conceal the Defendant's discriminatory intent, purpose, plan, and/or motive behind the Plaintiff's termination.

29. The Plaintiff further alleges the Defendant, by and through its management employees have advanced a practice of engaging in and/or allowing racial discrimination throughout Defendant's facility during the tenure of his employment.

30. The Plaintiff alleges that despite attempts to complain about said treatment, the racially hostile environment only increased in that he was terminated from employment with defendant and nothing was done to punish or penalize those who created a racially hostile environment.

31. Plaintiff alleges that the actions of the Defendant in terminating his employment is a result of his assoication with African-Americans. The Plaintiff further alleges that the conduct of the Defendant as described in this complaint is wanton, reckless, and/or sufficient egregious to entitle the Plaintiff to an award of punitive damages pursuant to the provisions of 42 U.S.C., § 1981a.

32. The Plaintiff has been caused to suffer significant loss of income, loss of earning capacity, pain, suffering, humiliation, upset and concern as a result of the conduct of the Defendant as described herein.

33. Despite past and on-going diligent efforts to secure comparable other employment, the Plaintiff has been unable to find a position with substantially the same compensation and will suffer future pecuniary losses as a direct result of Defendant's conduct.

8

34.     The Defendant engaged in discrimination against the Plaintiff with malice and/or reckless indifference to Plaintiff's rights under Title VII of the *Civil Rights Act of 1964*, as amended.

## *COUNT THREE*

35.     Plaintiff incorporates by reference all allegations heretofore set forth and further avers as follows:

36.     The Plaintiff further alleges that the Defendant, by and through its supervisors, agents, servants and/or employees, began to engage in a systematic scheme of harassment and oppressive conduct in an effort to retaliate against the Plaintiff as a result of his complaints of racial discrimination and a racially hostile environment and in a further effort of punishment of the Plaintiff for utilizing the opportunities and/or remedies available to the Plaintiff pursuant to the provisions of 42 U.S.C. §2000e, et seq.  Furthermore, the Defendant, by and through its supervisors, agents, servants and/or employees, engaged in conduct designed to discourage the Plaintiff from utilizing the processes available to him pursuant to Title VII of the *Civil Rights Act of 1964*, as amended.

37.     The Plaintiff alleges that as the result of the Defendant's retaliation, he has been the recipient of abusive, threatening, and racially hostile conduct and, although the Defendant's management officials were fully aware of the offenses described herein, they willfully, intentionally, recklessly, and with indifferent malice,

refused to take a course of conduct to protect the Plaintiff from the retribution being generated within the confines of the Defendant's facility.

38. Plaintiff alleges that he has been denied advancements and/or employment opportunities or prospects as same or similarly situated employees married and/or dating members of the same race in retaliation for making complaints of racial discrimination.

39. The Plaintiff alleges that the foregoing conduct and other conduct not specifically set out in this complaint constitutes a practice, pattern and scheme of retaliation perpetrated by supervisors, agents, servants and/or employees of the Defendant, designed to harass, humiliate, intimidate and discourage the Plaintiff because he previously made numerous complaints of racial discrimination to Defendant's management. Plaintiff further avers that the retaliatory conduct described herein is in direct violation of 42 U.S.C. §2000e-3 (a).

40. Plaintiff alleges that as a direct and proximate result of the actions described in this count, he has been caused to suffer humiliation, embarrassment, has been made physically sick, has been caused to be hurt, suffer from anguish, loss of sleep, loss of quality of life, emotional distress, all as the direct and proximate result of the conduct of the Defendant described herein.

## *COUNT FOUR*

41. Plaintiff incorporates by reference all allegations heretofore set forth and

further avers as follows:

42. The Defendant's adverse employment actions, as described above, were based, at least in part, on the Plaintiff's race and association, and thus interfered with his right to make and enforce contracts on the same basis as persons whose spouse is same-race, in violation of 42 U.S.C. §1981.

43. Plaintiff alleges that as a direct and proximate result of the actions described in this count, he has been caused to suffer humiliation, embarrassment, has been made physically sick, has been caused to be hurt, suffer from anguish, loss of sleep, loss of quality of life, emotional distress, all as the direct and proximate result of the conduct of the Defendant described herein.

## *COUNT FIVE*

44. Plaintiff incorporates by reference all allegations heretofore set forth and further avers as follows:

45. By retaliating against the Plaintiff for making complaints of racial discrimination, the Defendant violated 42 U.S.C. §1981's proscription against retaliation.

46. The Plaintiff alleges that the foregoing conduct and other conduct specifically set out in this complaint constitutes a practice, pattern and scheme of retaliation perpetrated by supervisors, agents, servants and/or employees of the Defendant, designed to harass, humiliate, intimidate and discourage the Plaintiff

because he previously initiated complaints of racial harassment.

47.   Plaintiff alleges that as a direct and proximate result of the actions described in this count, he has been caused to suffer humiliation, embarrassment, has been made physically sick, has been caused to be hurt, suffer from anguish, loss of sleep, loss of quality of life, emotional distress, all as the direct and proximate result of the conduct of the Defendant described herein.

## *PRAYER FOR RELIEF*

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this court will empanel a jury and, upon consideration of the evidence in this cause, determine and award to the Plaintiff the following:

A.   That the conduct engaged by the Defendant is violative of Title VII of the *Civil Rights Act of 1964*, as amended, and 42 U.S.C. §1981.;

B.   Enjoin the Defendant from engaging such conduct;

C.   Restore Plaintiff to his rightful place as an employee of the Defendant and/or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

D.   Equitable relief of back salary and fringe benefits up to the date of reinstatement and/or, in lieu of reinstatement, front salary and benefits accrued;

E.   Liquidated damages in an amount equal to double the back salary and fringe benefits award;

  F. Compensatory damages in excess of $25,000.00 for the emotional distress, mental anguish, humiliation, damages for injury to his reputation and good name and the physical pain and discomfort suffered by the Plaintiff as a result of the Defendant's conduct and/or treatment of the Plaintiff;

  G. Punitive damages in an amount as assessed by the jury in this case;

  H. Pre-judgment and post-judgment interest, costs and attorneys fees; and,

  I. Such other relief as may be deemed just and proper in the premises.

_____
Gina D. Coggin
Attorney for the Plaintiff
State Bar I.D.: 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


OF COUNSEL:

Rhea, Boyd, Rhea & Coggin
Post Office Box 8486
Gadsden, Alabama 35902
(256) 547-6801

***PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS***
_____
Gina D. Coggin

13

# CHARGE OF DISCRIMINATION

| | AGE | CHARGE NUMBER |
|---|---|---|

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

[ ] FEPA
[xxx] EEOC

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| MR. KENNETH BOYCE, JR. | (256) 820-6152 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 290 CAVE ROAD | ANNISTON, ALABAMA 36206 | 07-09-77 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| UNITED DEFENSE | 15+ | (256) 237-2841 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2101 WEST 10TH STREET | ANNISTON, ALABAMA 36201 | CALHOUN |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[XX] RACE  [XX] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[XX] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): JUNE 1997   LATEST (ALL): OCT. 21, 1999

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHED

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Kenneth W. Boyce Jr.

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

3-24-00
Date

Kenneth W. Boyce Jr.
Charging Party (Signature)

EEOC FORM 5 (Test 10/94)

Claimant: Kenneth Boyce, Jr.

Respondent: United Defense

  I am a white male who began working with United Defense in or around June of 1997. I was terminated from employment with them on October 21, 1999, after complaining about racially discriminatory remarks and continually being subjected to a racially hostile environment throughout my employment because I am engaged to an African American female and we have a child together. There were many occasions where my supervisors participated in the conversations and refused to discipline my co-workers. Finally, when I complained about the behavior to upper management, in or around the Fall of 1999, the Human Resource Director finally called a meeting and I told him many of the comments that had been made to me over the past two (2) years. Many of these employees admitted that they had made these racist remarks, subjecting me to a racially hostile environment. Despite these admissions, I was required to attend counseling as a condition of keeping my employment with United Defense. To my knowledge, none of the employees or supervisors I reported (or who admitted saying racist remarks to me) were disciplined and/or made to attend counseling.

  As instructed, I attempted to schedule my counseling sessions with the respondent's Employee Assistance Program. I left messages with the Employee Assistance Program but never received a date to begin counseling. Approximately one (1) month after I reported the discrimination, I was terminated. The reason given to me was because I did not complete ordered counseling.

  I believe I have been discriminated against due to race and have been subjected to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964. I also believe that I have been retaliated against as a result of my reporting the said discrimination, in violation of Title VII.

*Kenneth W. Boyce Jr.*

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
*(Issued on request)*

| To: | From: |
|---|---|
| Kenneth Boyce, Jr.<br>290 Cave Road<br>Anniston, AL 36206 | Equal Employment Opportunity Commission<br>1900 3rd Avenue, North<br>Birmingham, AL 35203-2397 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 130 AO 1578 | Jeanne Walker, Investigator | 731-1035 |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

[x] More than 180 days have expired since the filing of this charge.

[ ] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

[x] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[ ] **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, lawsuit you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge

   [ ] **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

   [ ] **EEOC is continuing its investigation.** You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

[ ] **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, lawsuit you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

I certify that this notice was mailed on the date set out below.

**12 OCT 2000**
(Date Mailed)

On Behalf of the Commission

*Cynthia G. Pierre*, District Director
(Typed Name & Title of Commission Official)

Enclosures
   Information Sheet
   Copy of Charge

cc: Respondents